William Michael JONES,
Plaintiff—Appellant,

v.

Mike THORNE, Director of the Port of Portland; Frederico Pena, former Transportation Secretary, Department of Transportation; Rodney Slater, Transportation Secretary, Department of Transportation; former Administrator of the Federal Highway Administration; Gloria Jeff, Administrator of the Federal Highway Administration; R.E. Kremeck, Commandant of the United States Coast Guard; Carol Browner, Administrator of the Environmental Protection Agency; Togo D. West, Jr., Secretary of the United States Army, Defendants—Appellees.

No. 03–35779.
D.C. No. CV–97–01674–MRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided May 18, 2005.

William Michael Jones, Portland, OR, pro se.

Jeffrey W. Leppo, Laurie K. Beale, Stoel Rives LLP, Seattle, WA, G. Scott Williams, U.S. Department of Justice Land & Natural Resources Division, Edward S. Geldermann, Attorney, Richard A. Barrett, U.S. Department of Justice ENRD, Washington, DC, Thomas C. Lee, Office of the U.S. Attorney, Portland, OR, for Defendants–Appellees.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

William Michael Jones ("Jones") appeals the district court's interpretation of two related consent decrees entered into by Jones, the Port of Portland ("the Port"), and the Army Corps of Engineers ("the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Corps") in 2001. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The consent decrees effectuated a settlement between the parties relating to Jones' lawsuit against the Port alleging that it had illegally filled waters of the United States in contravention of the Clean Water Act. Two years after the settlement, Bybee Lake overflowed across the bank separating the lake from the Columbia Slough. The washout resulted in the displacement of approximately 8,000 cubic feet of fill. It opened a waterway which allowed water to flow between the lake and the slough. Because the consent decrees required the construction of a trail along the washed-out portion of the bank, the Port filed a motion with the court seeking either to (1) construe the consent decrees to allow the Port to fill the area, blocking the flow of water, or (2) modify the consent decrees to allow the fill. Jones claims that the district court erroneously interpreted the decrees to allow the Port to fill the area.

Interpretation of a consent decree is a question of law and is therefore reviewed de novo; however, deference is given to the district court's interpretation "based on the court's extensive oversight of the decree from the commencement of the litigation to the current appeal." *See Nehmer v. Veterans' Admin.*, 284 F.3d 1158, 1160 (9th Cir.2002) (quoting *Gates v. Gomez*, 60 F.3d 525, 530 (9th Cir.1995)). "In construing consent decrees, courts use contract principles. The contract law of the situs state applies." *Thompson v. Enomoto*, 915 F.2d 1383, 1388 (9th Cir.1990) (internal citation omitted).

■ The district court reasonably interpreted the consent decrees. The language of the decrees allows for "the placement of base fill material within the buffers."

However, the decrees do not address Jones' proposed tide gate or bridge. Because we must discern the consent decrees "within [their] four corners, and not by reference to what might satisfy the purposes of one of the parties," *United States v. Armour & Co.*, 402 U.S. 673, 682, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971), we defer to the district court's interpretation of the decrees. The district court's mention of Nationwide Permit 32 does not change our conclusion.

■ We reject Jones' contention that the modified briefing schedule and expedited hearing violated his right to due process. "District courts have 'inherent power' to control their dockets." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir.2002). Nothing in the record indicates that Jones did not receive notice or an opportunity to be heard. Nor is there evidence that the expedited schedule prejudiced Jones in any way.

**AFFIRMED.**